IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-CR-00010-MSK-11

UNITED STATES OF AMERICA,

    Plaintiff,

v.

11. DARRELL R. PARKER,

    Defendant.

---

## PLEA AGREEMENT AND STIPULATION OF FACTS RELEVANT TO SENTENCING

---

THE UNITED STATES OF AMERICA, through United States Attorney John F. Walsh, by the undersigned Assistant U.S. Attorney, hereinafter referred to as the Government, and the defendant, DARRELL R. PARKER, hereinafter referred to as the defendant, personally, and by his counsel of record, Charles Ellliott, Esq., submit the following Plea Agreement and Stipulation of Facts relevant to sentencing, pursuant to the provisions of Fed. R. Crim. P. 11 and D.C.COLO.LCrR 11.1. It is the intention of the parties to resolve all pending criminal issues [excluding any tax issues, if any exist (none are presently known to the parties)] between the defendant and the Government through the resolution of this case. The parties understand and agree that in the event the agreement represented herein is not accepted by the Court or is not entered into by the defendant, the Government will proceed with the prosecution of the defendant according to law, to include superseding indictment. *Ricketts v. Adamson*, 483 U.S. 1, 9-12 (1987)(agreement void and government permitted to reinstate original charges when defendant failed to completely fulfill his obligations pursuant to the plea agreement). The

Court's Exhibit 1

the defendant filed a Notice of Disposition before February 17, 2012, and withdrew, withheld or requested the court to suspend and hold in abeyance any pending pretrial motions until the Court either accepts or rejects the contemplated plea of guilty. This plea agreement and related communications are under color of FRE 410.

## 1. PLEA AGREEMENT

A. The defendant agrees to plead guilty to Count Eight of the Indictment (DOC 1) returned against him in this matter.

B. In exchange for his plea of guilty to Count Eight, the Government agrees to file a motion to dismiss the remaining counts of the Indictment and any superseding indictment in this case as to the defendant, to be effective after the Court accepts the defendant's plea of guilty to Count Eight.

C. With respect to Count Eight of the Indictment, the defendant admits the following elements of the crime charged: (1) On or about October 30, 2010; (2) within the State and District of Colorado; (3) the defendant; (4) knowingly possessed a firearm; (5) to wit: a Charter Arms .38 caliber revolver; (6) said revolver having been transported in and affecting interstate commerce, and (7) the defendant had been convicted previously of a crime punishable by imprisonment for a term exceeding one year.

D. The parties understand the U.S. Sentencing Guidelines are advisory in nature and the Court will impose a sentence in its sound discretion and in accordance with the terms of Title 18 U.S.C. Section 3553. By agreement, the Government will be asking for a sentence within the framework of the Sentencing Guidelines. The defendant and the Government reserve full rights to contribute or to object to the process setting the applicable Guidelines range. The Government may file pleadings, present argument or

offer evidence if the Government believes it is in the best interest of justice to respond to defense representations and argument or if the Government is of the opinion that an error has been made by the Probation Department or the Court in determining the appropriate Guidelines range.

E.  The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Understanding this and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria:  (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly, or (3) the Court determines that the adjusted offense level is greater than 16 and imposes a sentence based upon that offense level determination.  Except as provided above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742.  The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.  This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, (2) there is a claim that the defendant was denied the effective assistance of counsel, or (3) there is a claim of prosecutorial misconduct.  Additionally, if the government appeals the sentence imposed by the Court, the defendant is released from this waiver provision.

G. In consideration of the defendant's pleas of guilty and the imposition of sentence on said Count Eight, the Government agrees to recommend an adjustment for acceptance of responsibility and agrees that the Government will argue for a sentence within the Guidelines at the time of sentencing. If the defendant meets the above stated deadline for entry of his notice of disposition and effectively withdraws and withholds any pretrial motions, the Government further agrees to recommend a sentence at the bottom of the applicable sentencing guidelines range as determined by the Court. Since the defendant filed his notice of disposition and request for a change of plea date before February 17, 2012, in accordance with this plea agreement, the Government agrees to take no position at the time of sentencing with respect to the issue of concurrent or consecutive credit for the sentence imposed in this case in relation to any undischarged state sentence to imprisonment. See Title 18 U.S.C. Section 3584. The parties understand the Court is not bound by positions of the parties. The parties understand the Court will impose a sentence in accordance with the provisions of Title 18 U.S.C. Section 3553.

## 2. STATUTORY PENALTIES

A. The maximum statutory penalty for the offense charged in Count Eight is not more than 10 years imprisonment; a fine of up to $250,000.00, or both; a term of supervised release of not more than 3 years following any period of imprisonment; and a $100 special assessment fee.

B. A federal felony conviction may have substantial consequences for a person's civil rights and abilities, such as the ability to qualify for certain professional licenses, the right to own, use, or carry a firearm, the right to hold elected office, the right to serve on a jury, or the right to vote during a period of confinement.

### 3. STIPULATION OF RELEVANT FACTS

A. The parties stipulate and agree the Government's evidence at trial would establish the following:

(1) On or about [October handwritten] 29, 2010, the defendant and an undercover ATF Special Agent (UCA) talked about the defendant selling the UC a pistol for $600. On or October 30, 2010, the UC and the defendant met in a motor vehicle parked near 26th Avenue and Welton Street in Denver, Colorado.

(2) At trial, an ATF agent would testify the meeting took place within the the State and District of Colorado.

(3) At trial, the ATF UCA would identify the defendant, DARRELL R. PARKER, and describe his participation in the meeting. The ATF UCA would identify the defendant as the person who negotiated with the ATF UCA for the sale of a firearm and eventually delivered the firearm.

(4) At trial, the ATF UCA would testify the defendant handed the ATF UCA one Charter Arms .38 caliber revolver and a box of ammunition in exchange for $600.00.

(5) At trial, evidence would show the Charter Arms pistol was manufactured in Connecticut and had moved in and affecting interstate commerce.

(6) At trial, evidence would show the defendant had been convicted previously, in 1992, of a state felony punishable by imprisonment for

a term exceeding one year, to wit: Second Degree Assault in case number 92cr1371 from Denver District Court.

(7)    All in violation of Title 18 U.S.C. Section 922(g).

B.    The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or evidence which a party believes relevant to sentencing. Further, the Court is not bound by the factual stipulations of the parties. In determining the factual basis for the sentence, the Court may consider not only the stipulations of the parties, but also the results of any pre-sentencing investigation that will be conducted by the U.S. Probation Department, together with any other relevant information that may be brought to the Court's attention. See §1B1.4, U.S.S.G.

## 4. SENTENCING COMPUTATION

A.    The parties stipulate and agree that the defendant's sentence will be imposed by the Court in light of the advisory Federal Sentencing Guidelines and Policy Statements, promulgated pursuant to Title 28, United States Code, Section 994(1), and the provisions of Title 18, United States Code, Section 3553. The parties understand the Guidelines are advisory in nature. The defendant is also aware that a sentence imposed under the Guidelines does not provide for parole. Knowing these facts, the defendant agrees this Court has jurisdiction and authority to impose any sentence within the statutory maximum set for his offense. The defendant understands and agrees he may not withdraw his plea solely as a result of the sentence imposed.

B.    The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government or the Probation Department, is a prediction, not a promise, and is not binding upon the Government, the Probation

6

Department or the Court.

    C.    The following factors, stipulated to by the parties, are deemed to be relevant to the sentencing of this defendant under the Guidelines and are intended to advise the Court and the Probation Department of the parties' calculations in advance of the preparation of the pre-sentencing investigation report (PSI), as set forth under § 6B1.4 of the Guidelines:

(1) The government asserts the base offense level for Count Eight is **12** under §2K2.1(a)(7) of the Sentencing Guidelines (defendant has a countable prior felony conviction for a PCS crime).

(2) The parties stipulate there are no victim-related or obstruction adjustments.

(3) The government contends no role in the offense adjustment is appropriate.

(4) Provided the defendant files his notice of disposition by the deadline indicated above and withdraws or withholds his pretrial motions, the Government joins (assuming the defendant's offense level is 16 or higher) in the defendant's request that he receive the full two level (or three levels if the base offense level is above 16) acceptance of responsibility decrease under §3E1.1(a) and (b). If granted, according to the Government's calculations, the adjusted offense level would be **10**

(5) The defendant has several felony convictions: (1) 2011cr001118, Vehicular Assault, 2 years DOC = 3 points; 2003cr004538, PCS, 30

months DOC = 3 points; 94cr1054, PCS, 1 year DOC = 4A1.2(e)(3) says zero points; 92cr1371, Assault 2nd degree, 1year DOC = 4A1.2(e)(3) says zero points; 1983, California, Rape, 3 years in prison = 4A1.2(e)(3) says zero points. Six points for two countable felonies makes the defendant a Criminal History Category IV. However, the parties understand and agree the Government's estimate regarding the defendant's criminal history category is a projection, and the final criminal history category will be determined by the Court following a review of the pre-sentencing investigation report. The defendant understands and agrees this Plea Agreement is not conditioned upon the defendant being in a particular criminal history category. The defendant reserves the right to argue for a lower criminal history determination. The defendant reserves the right to ask the court to depart from the guidelines determination of his criminal history category. The Government may file a response to a motion for a departure or a variant sentence.

(6) The defendant is not eligible for "safety valve" consideration because a firearm is involved in the offense conduct. Section 5C1.2.

**GUIDELINES PREDICTION**

(D) The Guidelines' sentencing range for Count Eight, resulting from an adjusted offense level of **10**, Criminal History Category **IV**, is a term of imprisonment of 15-21 months. The maximum guideline range for Level 10, Criminal History Category VI is a term of imprisonment of 24-30 months. The parties understand the Sentencing Guidelines

are merely advisory to the Court and understand the Court will impose a sentence in its sound discretion and in accordance with factors in Title 18 U.S.C. Section 3553.

(E)   Pursuant to §5E1.2, the range of a fine for offense level 10 for the offense of conviction is $2,000.00 to $20,000.00.

(F)   In the event of conviction and imprisonment, the defendant is subject to the imposition of a term of supervised release of not more than 3 years and a mandatory special assessment of $100 per count of conviction.

## 5. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

The parties believe the sentencing range resulting from the proposed plea agreement is appropriate because all pertinent readily provable relevant conduct is disclosed, the sentencing guidelines take into account all pertinent sentencing factors with respect to this defendant, and the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the government nor the defendant

have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 4/13/12     By: *[signature]*
CHARLES ELLIOT, ESQ.
ATTORNEY FOR DEFENDANT ~~GIRON~~ Parker

Date: 4/13/12     By: *[signature]*
DARRELL R. PARKER
DEFENDANT

Date: 13APR12    By: *[signature]*
GUY TILL
ASSISTANT U.S. ATTORNEY

N:\GTill\HLMC_PARKER_PLEA_AGREEMENT_2_March.wpd

