1

```
           IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-cr-00010

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

DARRELL R. PARKER,

     Defendant.
_____
```

**REPORTER'S TRANSCRIPT**
(Sentencing Hearing:  Order)

_____

Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 11:19 a.m., on the 13th day of July, 2012, in Courtroom 901A, United States Courthouse, Denver, Colorado.

**APPEARANCES**

GUY TIILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

CHARLES ELLIOTT, Attorney at Law, 1801 Broadway, Suite 1100 Denver, Colorado, 80202, appearing for the defendant.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Therese Lindblom, 901 19th Street, Denver, Colorado, 80294, (303) 628-7877

1        (The following proceedings were had and entered of
2   record after the Court heard the arguments of counsel and
3   statement of defendant:)
4        *THE COURT:*  I'll announce the sentence I intend to
5   impose.  And, of course, counsel, you'll have an opportunity to
6   make legal objections before judgment is entered.  If you
7   believe the sentence I described is premised on error or I
8   raise an issue you haven't had adequate opportunity to address
9   or consider or research, please request a continuance.
10       Imposition of a sentence in a federal criminal case is
11  governed by a number of statutes.  The umbrella statute is 18
12  U.S.C. 3553.  In imposing sentence in this case, I am required
13  to consider the objectives and factors set forth in Section
14  3553.  The statute requires that the sentence be sufficient but
15  no greater than necessary to satisfy particular objectives.
16  The sentence must reflect the seriousness of the offense;
17  promote respect for the law; provide just punishment;
18  adequately deter criminal conduct; protect the public from
19  further crimes by the defendant; provide the defendant with
20  needed educational or vocational training, medical care, or
21  other correctional treatment in the most effective manner.
22       In order to fashion a sentence that meets these
23  objectives, the statute directs the Court to consider
24  particular factors:  The nature and the circumstances of the
25  offense, the history and characteristics of the defendant, the

 1  kind of sentences that are available, the sentence prescribed
 2  by the federal sentencing guidelines, the need to avoid
 3  unwarranted sentence disparities among defendants with similar
 4  records found guilty of similar conduct, and in the appropriate
 5  case the need for restitution.
 6          At the beginning of this hearing, I identified the
 7  documents that I had studied in preparation for the hearing,
 8  confirmed with counsel that they and the defendant had had
 9  adequate opportunity to review those, confirmed there were no
10  additional documents to be considered, that there was no
11  dispute as to the contents in the presentence report, and that
12  there was no dispute as to the calculation under the federal
13  sentencing guidelines as set forth in that record.  That's
14  where we start.
15          The Base Offense Level for the conviction here,
16  conviction of violating 18 U.S.C. Section 922(g)(1), is set by
17  Section 2K2.1 of the guidelines.  Pursuant to Section
18  2K2.1(a)(7), the Base Offense Level is 12.  There is a downward
19  adjustment here because of Mr. Parker's acceptance of
20  responsibility.  There is a two-level downward adjustment,
21  which takes the offense level to Offense Level 10.
22          Then we turn to the defendant's criminal history, and
23  there are a number of convictions for which no criminal history
24  points have been given.  And I'm going to cover those first and
25  then identify those areas where convictions have been given

1  criminal history points.

2       There was a criminal possession of a dangerous weapon
3  in 1976; felony criminal mischief in '77; mandatory surrender
4  of a license for a drug conviction in '79; another felony rape
5  by force in '82; assault in '90; driving under the influence in
6  '90; shoplifting in 1991; another felony assault in 1992;
7  unlawful use of a Schedule II controlled substance, a felony
8  conviction, in 1994; an obstructing passage conviction in 1997;
9  performing an act of prostitution and disturbing the peace in
10 1999; another felony conviction in 2003, possession of a
11 Schedule IV controlled substance over 1 gram.  And this is at
12 the point at which criminal history points begin to be
13 tabulated.  There are 3 criminal history points for that
14 conviction.  In 2009, the conviction for drug paraphernalia,
15 which had 1 point assigned to it.  In 2011, vehicular assault,
16 driving under the influence, a felony conviction, for which 3
17 points were assigned.

18      Now, the total of the criminal history category points
19 is 7, and that puts the defendant in Criminal History Category
20 IV for purposes of the guideline calculation.  But as I noted,
21 there are a number of felony convictions and other convictions
22 for which no criminal history points have been assigned.

23      With a Criminal History Category of IV and an offense
24 level of 10, the custodial term recommended by the guidelines
25 is 15 to 21 months, supervised release of 1 to 3 years, a fine

1   of 2,000 to $20,000, and a special assessment of $100 is
2   mandated by statute.
3       There is no request for a departure under the
4   guidelines.  There is, however, a request of a variance.  The
5   defense requested a variance to 6 months of imprisonment, which
6   is less than half of the bottom end of the guideline range, to
7   run concurrently with a sentence that the defendant is
8   currently serving in the Colorado Department of Corrections.
9       The Government opposes the variant sentence.  But
10  consistent with the terms of the plea agreement, recommends a
11  sentence at the bottom end of the guideline range of 15 months.
12      If I understood correctly, Mr. Till, you don't believe
13  it should be concurrent; is that correct?
14      *MR. TILL:*  No, Your Honor.  We do not object to it
15  being concurrent.
16      *THE COURT:*  I'm sorry, okay.  And there is no
17  objection to it being concurrent.
18      I carefully studied the presentence investigation
19  report, and Mr. Elliott has relied on it as the basis for his
20  request for a variant sentence.
21      And there are a couple of things that I think are
22  important at this juncture.
23      First of all, contrary to the statement in the plea
24  agreement, but consistent with the order that I issued in this
25  court, I do not consider facts pertinent to the offense conduct

1   except as provided in the plea agreement.  So what we are
2   talking about here is the defendant attempting to sell a pistol
3   to an undercover agent.  We're not talking about the Hells
4   Lovers motorcycle club; we're not talking about substance
5   abuse; we're talking about what is the appropriate sentence for
6   selling or attempting to sell a firearm which the defendant
7   could not lawfully possess.
8             The second thing that I would note is that Mr. Parker
9   has had some treatment for mental health issues, but the
10  treatment has not been entirely successful in addressing his
11  mental health needs.
12            Part of what the Court considers is his mental health
13  needs and what type of correctional treatment or medical care
14  will best address that.  Neither counsel have specified what
15  they think is appropriate for that.  But the probation officer
16  has recommended as conditions on supervised release that the
17  defendant participate in and successfully complete a program
18  and treatment for substance abuse and for mental health
19  treatment.  And it would appear that both of those areas are
20  helpful -- likely to be helpful to Mr. Parker.
21            Now, the probation officer notes in the presentence
22  report that the defendant's prior record is extraordinary; and
23  I would have to agree with that.  Convictions reach back 30
24  years, many of them are violent, some of them involve weapons,
25  and some of them involve drugs.  And some of them may have been

1  related to brain trauma or mental health issues; but I'm not in
2  a position as a judge, as compared to a scientist, to assess
3  what the correlation is.
4        What I see is a mature man with a lengthy criminal
5  record who knew he had been convicted of prior felonies who
6  sold a gun he was not allowed to possess.
7        And while I might agree with the observations about
8  the Hells Lovers motorcycle club and the membership in that
9  club, that's not the focus of the sentence.  This has to do
10 with possession of a weapon and an attempt to sell it.  Keeping
11 that in mind, I agree with the recommendation of the probation
12 officer that something other than a bottom-of-the-guideline
13 sentence is appropriate.  I do not intend to grant a variance,
14 and I do not intend to grant a concurrent sentence.
15       The sentence that Mr. Parker is currently serving is
16 unrelated to the conduct for which he is being sentenced today.
17 And primary in my concerns in imposing sentence here is the
18 need to protect the public from further crimes by this
19 defendant.  And while he may have reached the conclusion that
20 he doesn't want to hang out with the Hells Lovers motorcycle
21 gang anymore, I'm concerned about other criminal behavior like
22 the possession of and sale of weapons.
23       I therefore intend to impose the following sentence:
24 18 months of incarceration, which is midway through the
25 guideline range, but not concurrent with any state sentence;

1   supervised release of 3 years, which is the maximum time for
2   supervised release; no fine, because I find that Mr. Parker's
3   not able to pay a fine; and mandatory assessment of $100.
4         I also intend to impose the special conditions on
5   supervised release with the objective of providing Mr. Parker
6   with treatment pertaining to substance abuse and mental health
7   treatment which appear to be underlying persistent issues in
8   his history.
9         Any need for clarification or further explanation?
10        *MR. TILL:* None from the Government, Your Honor.
11        *MR. ELLIOTT:* No, Your Honor.
12        *THE COURT:* Then pursuant to the Sentencing Reform Act
13  of 1984, it is the judgment of the Court that the defendant,
14  Darrell R. Parker, be committed to the custody of the Bureau
15  of Prisons to be imprisoned for a term of 18 months. This
16  sentence will be consecutive to and not concurrent with the
17  sentence that he is currently serving in the Colorado
18  Department of Corrections.
19        Upon release from imprisonment, he'll be placed on
20  supervised release for a term of 3 years. Within 72 hours of
21  release from the custody of the Bureau of Prisons, he'll report
22  in person to the probation office in the district to which he
23  is released.
24        While on supervised release, he will not commit
25  another federal, state, or local crime; he will not possess a

1    firearm as defined in 18 U.S.C. Section 921; and he will comply
2    with the standard conditions that have been adopted by the
3    Court.  He will not unlawfully possess a controlled substance.
4    He will refrain from any use of a controlled substance unless
5    it is lawful.  That means, by prescription.  He will submit to
6    at least one drug test within 15 days of release on supervised
7    release and two periodic tests thereafter.  He'll cooperate in
8    the collection of DNA as directed by the probation officer.
9             And in addition, the two following special conditions
10   are imposed because they're reasonably related to the factors
11   enumerated in Section 3553(a) and 3583(d) of Title 18 of the
12   United States Code.
13            He will participate in and successfully complete a
14   program of testing and/or treatment for substance abuse as
15   approved by the probation officer until such time as he is
16   released from the program by the probation officer, and he will
17   abstain from the use of alcohol and all intoxicants during the
18   course of treatment.  To the extent that he is able to and
19   directed to by the probation officer, he'll pay for the cost of
20   treatment.  He will also participate in and successfully
21   complete a program of mental health treatment as approved by
22   the probation officer until such time as he's released from the
23   program by the probation officer.
24            To the extent that he is able to and directed to by
25   the probation officer, he'll pay for the cost of treatment.

1  And I authorize the probation officer to release to the
2  treating agency or professional all psychological reports and
3  the presentence report for continuity of treatment.
4       No fine is imposed for the reasons specified.  He
5  will, however, pay a special assessment of $100, which is due
6  and payable immediately.
7       Mr. Parker, I appreciate your desire to turn your life
8  around; and hopefully the support found in the supervised
9  release conditions will aid you in doing that.  You've got a
10 lot of work ahead of you.  You're the person that is going to
11 turn it around.  You've got a person sitting in back of you who
12 cares a lot about you and wants to see you succeed.  I do too.
13 I would like to see the last years of your life be different
14 than the ones that preceded them.
15      I advise you of your right to appeal this sentence.
16 And if you desire to appeal, you must file a Notice of Appeal
17 with the Clerk of the Court within 14 days after entry of
18 judgment or you lose your right to appeal.
19      Now, ordinarily, Mr. Elliott would file a Notice of
20 Appeal for you.  But if for some reason he is unable or
21 unwilling to file the Notice of Appeal for you within the time
22 period, you may request and I will direct the Clerk of the
23 Court to file a Notice of Appeal.
24      Is there any further business to bring before the
25 Court?

1         *MR. ELLIOTT:*  No, Your Honor.

2         *MR. TILL:*  Your Honor, I believe the Court is going to

3    grant our request to dismiss the remaining charges.

4         *THE COURT:*  I already did.

5         *MR. TILL:*  Thank you.

6         *THE COURT:*  Thank you very much, Mr. Till.

7         Thank you, Mr. Elliott.

8         Thank you to our probation officer, our marshal staff,

9    and our court staff.

10        Mr. Parker will be remanded to the care and custody of

11   the United States Marshal Service.

12        That will conclude this matter, and we'll stand in

13   recess.

14        *MR. TILL:*  Thank you.

15        (Recess at 11:50 a.m.)

16                      REPORTER'S CERTIFICATE

17

18      I certify that the foregoing is a correct transcript from
     the record of proceedings in the above-entitled matter.
19

20      Dated at Denver, Colorado, this 16th day of July, 2012.

21                            s/Therese Lindblom

22                            _____
                              Therese Lindblom,CSR,RMR,CRR
23

24

25