IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 12-CR-00010-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DARRELL R. PARKER,

    Defendant.

_____

**REPORTER'S TRANSCRIPT**
(Hearing on Change of Plea)

_____

    Proceedings before the HONORABLE MARCIA S. KRIEGER, Judge, United States District Court for the District of Colorado, commencing at 1:17 p.m., on the 2nd day of March, 2012, in Courtroom A901, United States Courthouse, Denver, Colorado.

**APPEARANCES**

    GUY TILL, Assistant U.S. Attorney, 1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing for the plaintiff.

    CHARLES W. ELLIOTT, Attorney at Law, 1801 Broadway, Suite 1100 Denver, Colorado, 80202, appearing for the defendant.

Proceeding Recorded by Mechanical Stenography, Transcription Produced via Computer by Paul Zuckerman, 901 19th Street, Room A259, Denver, Colorado, 80294, (303) 629-9285

|   |   |
|---|---|
| 1 | **PROCEEDINGS** |
| 2 | (In open court at 1:17 p.m.) |
| 3 | *THE COURT:* Please be seated. |
| 4 | The Court is convened today in Case No. 12-cr-10, |
| 5 | encaptioned for purposes of this hearing as the United States |
| 6 | of America vs. Darrell L. Parker. |
| 7 | Could I have entries of appearance, please. |
| 8 | *MR. TILL:* Your Honor, I'm Guy Till. I'm an Assistant |
| 9 | United States Attorney representing the Government. Also |
| 10 | present at counsel table to assist me is ATF Special Agent |
| 11 | Jason Cole. |
| 12 | *THE COURT:* Good afternoon and welcome. |
| 13 | *MR. ELLIOTT:* Good afternoon, your Honor. Charles |
| 14 | Elliott on behalf of Mr. Parker. This is he, seated to my |
| 15 | left. |
| 16 | *THE COURT:* Good afternoon and welcome. |
| 17 | *MR. ELLIOTT:* Thank you. |
| 18 | *THE COURT:* Before we begin this hearing, let me |
| 19 | inquire, Counsel: I've had an opportunity to review your plea |
| 20 | agreement. And the factual statements that are contained on |
| 21 | page 5 under Stipulation of Relevant Facts are insufficient for |
| 22 | purposes of findings that I need to make in a Rule 11 hearing. |
| 23 | Were you planning on supplementing these conclusory statements |
| 24 | with actual facts? |
| 25 | *MR. TILL:* Your Honor, I'm sorry. I thought these |

1   were facts, but --

2       *THE COURT:*  They're factual conclusions: "knowingly

3   possessed a firearm."  That is a conclusion.  That doesn't tell

4   me the facts on which you base that conclusion.

5       *MR. TILL:*  Your Honor, we can -- we can provide the

6   Court with the story, the facts of the contact with the

7   undercover agent, and that they negotiated for a transaction

8   and that the defendant sold a weapon to the undercover agent.

9   We can tell the Court that, and we can make that record.

10      *THE COURT:*  You can do it orally, if you want; but

11  we're going to have to have Mr. Parker agree to all of these.

12  And the reason is because I do not have the probation office

13  investigate the offense conduct, so the offense conduct is

14  going to be limited to what's in this plea agreement.  And

15  conclusory statements such as these are insufficient.

16      *MR. TILL:*  Your Honor, I can do it orally.  I don't

17  think it's very complicated.  And I believe that the defense

18  understands the transaction, and I don't think -- I can we can

19  do it orally, if the Court will allow us to do it.  It's

20  actually not very complicated.  And I apologize for making it

21  or thinking it's simpler than it actually is.

22      *THE COURT:*  Well, would you like -- I certainly don't

23  mind having you do it orally.  However, it's going to be

24  reflected in the record; and since this isn't something that

25  Mr. Parker and his counsel have had an opportunity to review

1   prior to this hearing, perhaps you'd like to go over what it is
2   that you'll be asking Mr. Parker to admit to.
3       *MR. TILL:*  We could do that.  Would the Court give us
4   a short recess?
5       *MR. ELLIOTT:*  Judge, we're fine with that.
6       And just so you're aware of the obvious, we have the
7   discovery, and I've gone over the facts with Mr. Parker.  But
8   if you'll give us a few moments, Mr. Till and Mr. Parker and I
9   will speak and we'll proceed, if you allow us to do it this
10  way.
11      *THE COURT:*  Thank you.  We'll stand in brief recess.
12  Please let me know when you're ready to reconvene.
13     (Recess at 1:21 p.m.)
14     (Reconvened at 1:31 p.m.)
15      *THE COURT:*  Please be seated.
16      Have you agreed on a description of the evidence that
17  would be presented at trial?
18      *MR. ELLIOTT:*  Yes.
19      *MR. TILL:*  Yes, your Honor, we have.
20      *THE COURT:*  All right.  And has that been reviewed
21  with Mr. Parker?
22      *MR. ELLIOTT:*  Yes, it has.
23      *THE COURT:*  All right.  Are you planning on amending
24  the written plea agreement, or simply supplementing it on the
25  record?

1	*MR. TILL:* Your Honor, I'd like to supplement it on
2	the record, if we can.
3	*THE COURT:* Okay. All right.
4	Are you ready to proceed?
5	*MR. TILL:* Yes, your Honor.
6	*MR. ELLIOTT:* Yes.
7	*THE COURT:* All right. Mr. Elliott, would you and
8	Mr. Parker please approach the lectern.
9	*MR. ELLIOTT:* Why don't you stand here so you're good,
10	and will you let me know if there are issues and you need to
11	sit down?
12	*THE DEFENDANT:* Okay.
13	*MR. ELLIOTT:* Okay.
14	*THE COURT:* This matter is before the Court for a
15	change in the defendant's plea, for re-arraignment pursuant to
16	Rule 10, and for consideration of and advisement with regard to
17	the parties' plea agreement in accordance with Rule 11 both of
18	the Federal Rules of Criminal Procedure.
19	The record reflects that Mr. Parker, the defendant,
20	was charged in an indictment filed with the Court on January 9,
21	2012. He was charged in Counts 8 and 32, entered a plea of
22	guilty -- I'm sorry -- of not guilty to each count, and I
23	understand that pursuant to the terms of a written plea
24	agreement now desires to change his plea to Count 8 to a plea
25	of guilty in exchange for the Government dismissing Count 32;

1   is that correct?

2          *MR. TILL:*  Yes, your Honor.

3          *MR. ELLIOTT:*  Yes.

4          *THE COURT:*  Would you please re-arraign.

5          *MR. TILL:*  Sir, are you the same Darrell R. Parker

6   that the grand jury indicted in Count No. 8 in the indictment

7   returned in case 12-cr-0010?

8          *THE DEFENDANT:*  Yes.

9          *MR. TILL:*  Sir, in Count 8, the grand jury alleged

10  that you were a prohibited person in possession of a firearm.

11  It alleged that on or about October 30, 2010, within the State

12  and District of Colorado, the defendant, Darrell R. Parker,

13  knowingly possessed a firearm and ammunition which had been

14  transported in interstate commerce, having been convicted

15  previously of a crime punishable by imprisonment for a term

16  exceeding one year, all in violation of Title 18 United States

17  Code sections 922(g)(1) and 924(a)(2) and 2.

18          Sir, do you understand this charge?

19          *THE DEFENDANT:*  Yes.

20          *MR. TILL:*  Sir, today how do you wish to plead to this

21  charge today?  Do you wish to plead not guilty, or do you wish

22  to plead guilty?

23          *THE DEFENDANT:*  Guilty.

24          *MR. TILL:*  Thank you, sir.

25          *THE COURT:*  As of this moment, Mr. Parker, you're not

1   bound by your plea of guilty.  Indeed, you're not bound by this
2   plea until I accept it.  You can change your mind at any time
3   during this hearing before I accept your plea.
4           In order to accept your plea, I have to be sure that
5   you understand the charges that have been brought against you;
6   that you understand your choices and the consequences that flow
7   from those choices.  I have to find that your decision to plead
8   guilty is voluntary and you haven't been pressured into it, and
9   ultimately I have to find that there is a factual basis to
10  support your plea.
11          Throughout this hearing, I want you to let me know if
12  there is anything you don't understand or if you have any
13  questions.  If you can't hear me or you don't understand
14  something I say or ask, tell me.  If you have any questions
15  about what I've said or what it means, ask me.  And if you want
16  to consult with Mr. Elliott at any time, just let me know and
17  we'll take a brief recess so that you can confer privately.
18          I begin by asking you a number of questions.  The
19  questions are not intended to trap, embarrass, insult, or
20  offend you.  The questions are important because your answers
21  are important.  It's your answers that I evaluate in order to
22  determine whether I can accept your plea or not.
23          Therefore, you must answer my questions truthfully and
24  completely.  Indeed, just like a witness, you take a solemn
25  oath promising to tell the truth.  And if you don't, your

```
 1  answers can be used against you if an action is brought against
 2  you for false statement or perjury.  Do you understand?
 3           THE DEFENDANT:  Yes.
 4           THE COURT:  Do you want to proceed?
 5           THE DEFENDANT:  Yes.
 6           THE COURT:  Would you please administer the oath.
 7           THE COURTROOM DEPUTY:  Please raise your right hand.
 8       (Defendant sworn.)
```

**EXAMINATION**

```
10  BY THE COURT:
11  Q.  Mr. Parker, how old are you?
12  A.  62.
13  Q.  What level of school did you complete?
14  A.  A year-and-a-half college.
15  Q.  Any difficulty reading or writing?
16  A.  Yes, I do have problems.
17  Q.  All right.  What kind of problems do you have?
18  A.  I got shot in the head, four times in the head.  I have a
19  speaking problem.
20  Q.  You have a speaking problem?
21      Can you read okay?
22  A.  Yeah, I can read to a certain point.
23  Q.  And what happens when you get to that point?
24  A.  It means that it takes a little time for me to understand
25  the vowels and the statements that's being said.
```

1  *Q.*  Okay.  And do you have difficulty hearing?
2  *A.*  I can hear from one side.  The other side is dead; but this
3  side here, I can hear pretty good.
4  *Q.*  And do you have difficulty understanding when someone is
5  saying something?
6  *A.*  Most things being said, I can understand.
7  *Q.*  All right.  If you have any difficulty understanding or
8  hearing, would you please tell me?
9  *A.*  Yes.
10  *Q.*  Within the last 24 hours, have you taken any medication?
11  *A.*  Regular medicine, I do at the medical center where I'm
12  incarcerated.
13  *Q.*  What kind of medication --
14  *A.*  Blood pressure, for leg pain, swelling, stress, and other
15  things that deals with using the lavatory.  That would be going
16  to the bathroom.
17  *Q.*  Okay.  What are you taking for stress?
18  *A.*  Stress basically is not in that manner.  They just medicine
19  pills they gives me where I can relax, make it easier for me to
20  go to sleep.  With too much things that's on my mind, it
21  relaxes me down, like that.  I think it's called EL something.
22  Eluvia.  Something like that.
23           *THE COURT:*  Okay.  Mr. Elliott, can you help here?
24           *MR. ELLIOTT:*  Yes, I can, Judge.  Mr. Parker has some
25  significant medical issues that we anticipated addressing to

1   you at the time of sentencing.  They have to do primarily with
2   his leg and some surgery that in all candor has not
3   well-treated in the Department of Corrections.  It has to do
4   with a plate and pins, screws, that have actually come loose.
5          Mr. Parker, when he was quite young, was shot in the
6   head four times.  He has various medications that are
7   prescribed.
8          I have met with him on a number of different occasions
9   at different times of the day.  Mr. Parker is articulate, he is
10  lucid.  I have not had a single moment of concern about his
11  ability to understand me or these documents.
12         I provided the documents in advance of my physically
13  meeting with Mr. Parker, so he had the opportunity to have
14  them, review them, have them in his possession, his copies.
15  And then we met and went over them most recently Monday of this
16  week, when he signed the documents that we then submitted to
17  the Court pursuant to local rules.
18         *THE COURT:*  All right.  Counsel would you please
19  approach.
20      (At the bench:)
21         *THE COURT:*  I appreciate that you're confident that
22  Mr. Elliott understands what's going on.
23         *MR. ELLIOTT:*  Mr. Parker.
24         *THE COURT:*  I'm sorry -- Mr. Parker understands what's
25  going on, but I have to make that finding.  And therefore, I

1  need to know what medication he has taken within the last 24
2  hours.  I also need to know whether or not he's been diagnosed
3  as having any mental health issues.  I need to know whether he
4  can hear clearly, whether he can see clearly, whether he can
5  read and write.  And so all of those things have to go into the
6  record here.
7       Do you need an opportunity, Mr. Elliott, to confer
8  with him to gather that information?
9       *MR. ELLIOTT:*  Judge, I may, because I don't think he
10 can articulate to you the precise names of the medication; and
11 I do not have a list with me.
12      *THE COURT:*  Okay.  Then I'm going to suggest that we
13 continue this hearing so that you can supplement the plea
14 agreement with the evidence that would be presented at trial,
15 not just conclusory statements as to the elements, so that you
16 have an opportunity then to find out what medication he is on.
17      *MR. ELLIOTT:*  Very good.
18      *THE COURT:*  And also so you can find out whether or
19 not standing, for instance, in the courtroom is causing him
20 pain, because one of the things I'm going to ask him is what
21 his pain level is on a scale of 1 to 10.  All of these things
22 impact his ability to perceive and understand what it is we're
23 doing here in the courtroom.  And in order for me to make
24 findings with regard to that, I'll need that information --
25      *MR. ELLIOTT:*  Understood.

1      *MR. TILL:* -- so he could sit if he's in pain.
2      *THE COURT:* Of course.
3      *MR. TILL:* Sorry, your Honor. I just --
4      *MR. ELLIOTT:* I had advised him of that and advised
5  him of the duration. The one thing I can't answer for you
6  today are the precise names of medication. So I agree with the
7  Court.
8      *THE COURT:* So why don't we do this, then: We will
9  continue this hearing. You can talk with Ms. Glover, set a new
10 hearing, and I'll just continue it on the record to an
11 undetermined date. You can set a new date at your convenience.
12     *MR. ELLIOTT:* Okay.
13     *MR. TILL:* Thank you, your Honor.
14     *MR. ELLIOTT:* Should we try to clear the date once you
15 recess, Judge?
16     *THE COURT:* Yes. That would be great.
17     *MR. ELLIOTT:* Got it.
18    (In open court:)
19     *THE COURT:* We're going to continue this hearing so
20 that some of the information that is necessary for the
21 consideration of the plea agreement can be obtained. And the
22 parties will speak with Ms. Glover about another date for the
23 hearing. I'll just continue it for purposes of the record to a
24 date yet to be determined.
25     *MR. ELLIOTT:* Thank you.

1         *THE COURT:*  Thank you, Counsel.  We'll stand in
2    recess.
3         (Recess at 1:43 p.m.)
4                        *   *   *   *   *
5                       **REPORTER'S CERTIFICATE**
6      I certify that the foregoing is a correct transcript from
7    the record of proceedings in the above-entitled matter.  Dated
8    at Denver, Colorado, this 19th day of August, 2013.
9
10                                  *S/Paul A. Zuckerman*
                                    Paul A. Zuckerman