1          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLORADO
2
Criminal Action No. 12-cr-00010
3
UNITED STATES OF AMERICA,
4
     Plaintiff,
5
vs.
6
DARRELL R. PARKER,
7
     Defendant.
8
_____
9
                    **REPORTER'S TRANSCRIPT**
10                    Sentencing Hearing

11 _____

12          Proceedings before the HONORABLE MARCIA S. KRIEGER,

13 Judge, United States District Court for the District of

14 Colorado, commencing at 11:19 a.m., on the 13th day of July,

15 2012, in Courtroom 901A, United States Courthouse, Denver,

16 Colorado.

17                         **APPEARANCES**

18          GUY TIILL, Assistant U.S. Attorney, 1225 17th Street,

19 Suite 700, Denver, Colorado, 80202, appearing for the

20 plaintiff.

21          CHARLES ELLIOTT, Attorney at Law, 1801 Broadway, Suite

22 1100 Denver, Colorado, 80202, appearing for the defendant.

23

24  Proceeding Recorded by Mechanical Stenography, Transcription
     Produced via Computer by Therese Lindblom, 901 19th Street,
25            Denver, Colorado, 80294, (303) 628-7877

```
1                       P R O C E E D I N G S

2            THE COURT:  Court is convened today in Case No.

3    12-cr-10.  This is encaptioned for purposes of today's hearing

4    as the United States of America v. Darrell R. Parker.  The

5    matter before the Court is a sentencing.

6            Could I have entries of appearance, please.

7            MR. TILL:  Your Honor, I'm Guy Till.  I'm an assistant

8    U.S. Attorney representing the Government.  Also present at

9    counsel table is ATF Special Agent Jason Cole.

10            THE COURT:  Good morning and welcome.

11            MR. TILL:  Thank you, Your Honor.

12            MR. ELLIOTT:  Good morning, Your Honor.  Charles

13    Elliott on behalf of Darrell Parker.  This is he seated to my

14    left.

15            THE COURT:  Good morning and welcome.

16            Are you ready to proceed?

17            MR. ELLIOTT:  We are.

18            THE COURT:  Mr. Elliott, would you and your client

19    please approach the lectern.

20            This matter is before the Court for purposes of

21    sentencing.  The record reflects that the defendant was charged

22    in a 32-count Indictment filed with this court on January 9,

23    2012.  He was charged in Count 8 with possession of a firearm

24    and ammunition by a prohibited person and aiding and abetting

25    in violation of 18 U.S.C. Section 922(g)(1), 924(a)(2), and 2,
```

1    and in Count 32 with using and maintaining drug-involved

2    premises and aiding and abetting in violation of 21 U.S.C.

3    Section 856(a)(1) and (2) and (b) and 18 U.S.C. Section 2.   He

4    also was named in a forfeiture allegation.

5           A Superseding Indictment was filed on February 6,

6    2012.  It too had a number of counts, 38 counts to be specific.

7    And he entered a plea of not guilty to the counts in the

8    initial Indictment and those involving him in the Superseding

9    Indictment.

10           On April 13, 2012, he changed his plea to a plea of

11    guilty to Count 8 of the original Indictment; and the

12    Government moved to dismiss Count 32 of that Indictment as well

13    as all counts in the First Superseding Indictment.

14           The Court considered the written plea agreement of the

15    parties, accepted the plea, and dismissed the counts as

16    requested by the Government, but stayed the effect of the order

17    until the time of sentencing.

18           In preparation for today's hearing, I've had the

19    opportunity to review and consider a number of documents.   The

20    restricted presentence report, first disclosure, Docket No.

21    473; the response by Mr. Parker at 496; the final presentence

22    report at 545; and an addendum at 546.

23           Counsel, have you and the defendant had adequate

24    opportunity to review and consider these documents?

25                 *MR. ELLIOTT:*  Yes, Your Honor.

1              *THE COURT:* Mr. Till.

2              *MR. TILL:* Yes, Your Honor, I've reviewed them.

3              *THE COURT:* Are there any additional documents that

4    should be considered?

5              *MR. TILL:* No, Your Honor.

6              *MR. ELLIOTT:* No, Your Honor.

7              *THE COURT:* Is there any disagreement as to the

8    factual contents in the presentence report?

9              *MR. TILL:* No, Your Honor.

10             *MR. ELLIOTT:* No, Your Honor.

11             *THE COURT:* Is there any dispute as to the calculation

12   of the sentence under the guidelines?

13             *MR. TILL:* No, Your Honor.

14             *MR. ELLIOTT:* No, Your Honor.

15             *THE COURT:* Any request for a departure under the

16   guidelines?

17             *MR. TILL:* Not from the Government, Your Honor.

18             *MR. ELLIOTT:* Judge, I'm asking the Court to depart

19   downward and also impose a concurrent sentence.

20             *THE COURT:* Sir, I can't hear you.

21             *MR. ELLIOTT:* I am sorry.  I'm asking the Court to

22   depart downward --

23             *THE COURT:* I think you're asking for a variance.

24             *MR. ELLIOTT:* That's right.

25             *THE COURT:* Is that right?

1          MR. ELLIOTT:  Yes, Your Honor.

2          THE COURT:  Not a departure under the guidelines, a

3   variance.

4          MR. ELLIOTT:  A variance, pardon me.

5          THE COURT:  Okay.  And what is the variance you would

6   think is appropriate?

7          MR. ELLIOTT:  Your Honor, I would ask for a 6-month

8   sentence concurrent to the sentence he is serving currently in

9   the Colorado Department of Corrections.  I'd ask the Court,

10  once sentence is imposed here to discharge the writ, that

11  apparently is a conclusion for Mr. Parker having his surgery to

12  repair the two pins or screws that have come loose in his ankle

13  and his foot.  That --

14         THE COURT:  The writ -- I'm not aware of what writ

15  you're talking about.

16         MR. ELLIOTT:  Judge, he is here on writ from the

17  Colorado Department of Corrections.  Because of that writ, the

18  state authorities, they tell Mr. Parker, have not been able to

19  go forward with the surgery.  As soon as that writ is

20  discharged --

21         THE COURT:  The writ only requires him to appear for

22  hearings.

23         MR. ELLIOTT:  I agree.

24         THE COURT:  Okay.

25         MR. ELLIOTT:  I understand.

1          *THE COURT:*  There is nothing to discharge.  Once the

2     sentence is imposed, it's imposed.

3          *MR. ELLIOTT:*  Very good.

4          *THE COURT:*  And is -- you want a 6-month sentence

5     total, to run concurrent?

6          *MR. ELLIOTT:*  Yes, Your Honor.

7          *THE COURT:*  Okay.  Why should a variant sentence be

8     imposed here?

9          *MR. ELLIOTT:*  Judge, very candidly, I will defer to

10    what is in the presentence investigation report.  I thought it

11    very detailed, very analytical, very clear in terms of weighing

12    a bad criminal history versus everything that Mr. Parker has

13    gone through in his life.  I think the variance is appropriate

14    because Mr. Parker has reached a point -- at least in my

15    dealings with him -- where I think he's done with things like

16    the Hells Lovers club, if you will, that Ms. Dosset, who is

17    present in the courtroom, has succinctly described as a bunch

18    of old men trying to relive their youth and acting like a bunch

19    of idiots.  I think that's a fair assessment, Judge.

20          He is away from that.  He is ready to go fishing, and

21    he's ready to help around the house.  As he tells me today and

22    yesterday when we met, he's too old for this.

23          That is what I have, Judge.

24          *THE COURT:*  All right.  What the probation officer has

25    recommended is an 18-month sentence, not a 6-month sentence.

1          MR. ELLIOTT:  I know.

2          THE COURT:  So why, based on what the probation

3    officer has said, a guideline sentence, do you believe a

4    variant sentence is appropriate?

5          MR. ELLIOTT:  For everything that I've said, and there

6    really is nothing more, Judge.  I think under the facts of this

7    case, where Mr. Parker was receiving nominal moneys for his

8    disability, he fell into the trap -- it's not entrapment.  He

9    did wrong, he knows he did wrong, he is very apologetic for it,

10   and I think it was part of that mentality that is and was the

11   Hells Lovers club.

12         THE COURT:  All right.  Thank you.

13         Response.

14         MR. TILL:  Your Honor, pursuant to the plea agreement,

15   I'm sure this is no surprise to the defense, we don't agree to

16   a variance.  We are arguing for a guideline sentence.  And the

17   plea agreement indicated that the Government would not object

18   to concurrent time, so we do not object to concurrent time.  We

19   do ask the Court to impose a guideline sentence.  The bottom of

20   the guidelines here is 15 months.  I'd submit that although --

21   and I think the report indicates this, some of the things about

22   the defendant, it would indicate he may have stopped -- reached

23   a point where he may be stopping doing bad things.  But there

24   is an interest in the community of basically setting an

25   example, sending a message to the community that people that

1    have felony convictions in their past, as the defendant does,

2    that they must not have firearms.  And I'm asking the Court to

3    impose a sentence to indicate that interest in the public

4    safety.

5              THE COURT:  What sentence do you believe is

6    appropriate, here?

7              MR. TILL:  Your Honor, under the plea agreement, I

8    believe based on his acceptance of responsibility, the timing

9    of his notice of disposition, so forth, the Government did

10   agree to 15 months.  That is the bottom of the guideline range,

11   and I would ask the Court to give 15 months.

12             THE COURT:  All right.  Thank you.

13             We'll move to allocution.  Any further argument,

14   Mr. Elliott?

15             MR. ELLIOTT:  No, Judge.  I know Mr. Parker desires to

16   speak to you.

17             THE COURT:  Mr. Parker, what would you like me to

18   know?

19             THE DEFENDANT:  To explain the situation in my life is

20   that, I was sent -- you know, between hanging at the club

21   there, they handed me a package and I delivered the package,

22   and what to receive from it.  All my -- most of my time, you

23   know, in trying to get myself on track, I carry myself in a

24   manner.  You know, I must say, under the circumstances, it's

25   sometimes hard for me to get words together because, you know,

1  long thing that happened.  And the simple reaction I have to my

2  leg, the doctor told me I would never get 100 percent in order

3  no more.  He said I would be lucky to get 80 to 85.

4       But I want to apologize to the federal and the state

5  and concern to apologize, no matter, it's my responsibility to

6  follow decision of issue.  I'd ask the Court to look at this

7  the way I want to get my life back on.  I have a lady who I

8  love her very much.  She's been with me for over six years.

9  And sometime I should have listened to her, and sometime, you

10  know, being a hard-headed man, don't want to give women

11  respect, you know.

12       THE COURT:  I understand.

13       THE DEFENDANT:  But if I had of listened, I wouldn't

14  be here.  I still apologize to the system, because the justice

15  administration does work right.  The way life is going, I don't

16  want to come back to you all in the future when this is over

17  with.

18       THE COURT:  Thank you.  Anything else you want me to

19  know?

20       THE DEFENDANT:  Just, I'm ready to settle down.  I'm

21  getting too old, you know what I mean.  And also I want to stop

22  from always coming to the state or the federal and denying them

23  the money they should be having.  With me being disabled, I'm

24  not capable of doing that, responsibility of that.  This time,

25  the decision come, I get released, take at least a quarter of

1    my money to pay for the concurrent that the state needs to

2    have, best I can do on my parole.

3             THE COURT:  Thank you.

4             Anything further the Government would like to say?

5             MR. TILL:  No, Your Honor.

6             THE COURT:  Thank you.

7             Then I'll announce the sentence I intend to impose.

8    And, of course, counsel, you'll have an opportunity to make

9    legal objections before judgment is entered.  If you believe

10   the sentence I described is premised upon error or I raise an

11   issue you haven't had adequate opportunity to address or

12   consider or research, please request a continuance.

13            Imposition of a sentence in a federal criminal case is

14   governed by a number of statutes.  The umbrella statute is 18

15   U.S.C. 3553.  In imposing sentence in this case, I am required

16   to consider the objectives and factors set forth in Section

17   3553.  The statute requires that the sentence be sufficient but

18   no greater than necessary to satisfy particular objectives.

19   The sentence must reflect the seriousness of the offense;

20   promote respect for the law; provide just punishment;

21   adequately deter criminal conduct; protect the public from

22   further crimes by the defendant; provide the defendant with

23   needed educational or vocational training, medical care, or

24   other correctional treatment in the most effective manner.

25            In order to fashion a sentence that meets these

1    objectives, the statute directs the Court to consider

2    particular factors:  The nature and the circumstances of the

3    offense; the history and characteristics of the defendant; the

4    kind of sentences that are available; the sentence prescribed

5    by the federal sentencing guidelines; the need to avoid

6    unwarranted sentence disparities among defendants with similar

7    records found guilty of similar conduct; and in the appropriate

8    case, the need for restitution.

9        At the beginning of this hearing, I identified the

10   documents that I had studied in preparation for the hearing,

11   confirmed with counsel that they and the defendant had had

12   adequate opportunity to review those, confirmed there were no

13   additional documents to be considered, that there was no

14   dispute as to the contents in the presentence report, and that

15   there was no dispute as to the calculation under the federal

16   sentencing guidelines as set forth in that record.  That's

17   where we start.

18       The Base Offense Level for the conviction here,

19   conviction of violating 18 U.S.C. Section 922(g)(1), is set by

20   Section 2K2.1 of the guidelines.  Pursuant to Section

21   2K2.1(a)(7), the Base Offense Level is 12.  There is a downward

22   adjustment here because of Mr. Parker's acceptance of

23   responsibility.  There is a two-level downward adjustment,

24   which takes the offense level to Offense Level 10.

25       Then we turn to the defendant's criminal history.  And

1  there are a number of convictions for which no criminal history

2  points have been given, and I'm going to cover those first and

3  then identify those areas where convictions have been given

4  criminal history points.

5          There was a criminal possession of a dangerous weapon

6  in 1976; felony criminal mischief in '77; mandatory surrender

7  of a license for a drug conviction in '79; another felony rape

8  by force in '82; assault in '90; driving under the influence in

9  '90; shoplifting in 1991; another felony assault in 1992;

10 unlawful use of a Schedule II controlled substance, a felony

11 conviction, in 1994; an obstructing passage conviction in 1997;

12 performing an act of prostitution and disturbing the peace in

13 1999; another felony conviction in 2003, possession of a

14 Schedule IV controlled substance over 1 gram.  And this is at

15 the point at which criminal history points begin to be

16 tabulated.  There are 3 criminal history points for that

17 conviction.  In 2009, the conviction for drug paraphernalia,

18 which had 1 point assigned to it.  In 2011, vehicular assault,

19 driving under the influence, a felony conviction, for which 3

20 points were assigned.

21         Now, the total of the criminal history category points

22 is 7, and that puts the defendant in Criminal History Category

23 IV for purposes of the guideline calculation.  But as I noted,

24 there are a number of felony convictions and other convictions

25 for which no criminal history points have been assigned.

1          With a Criminal History Category of IV and an offense

2     level of 10, the custodial term recommended by the guidelines

3     is 15 to 21 months, supervised release of 1 to 3 years, a fine

4     of 2,000 to $20,000, and a special assessment of $100 is

5     mandated by statute.

6          There is no request for a departure under the

7     guidelines.  There is, however, a request of a variance.  The

8     defense requested a variance to 6 months of imprisonment, which

9     is less than half of the bottom end of the guideline range, to

10    run concurrently with a sentence that the defendant is

11    currently serving in the Colorado Department of Corrections.

12         The Government opposes the variant sentence.  But

13    consistent with the terms of the plea agreement, recommends a

14    sentence at the bottom end of the guideline range of 15 months.

15         If I understood correctly, Mr. Till, you don't believe

16    it should be concurrent; is that correct?

17         MR. TILL:  No, Your Honor.  We do not object to it

18    being concurrent.

19         THE COURT:  I'm sorry, okay.  And there is no

20    objection to it being concurrent.

21         I carefully studied the presentence investigation

22    report, and Mr. Elliott has relied on it as the basis for his

23    request for a variant sentence.  And there are a couple of

24    things that I think are important at this juncture.

25         First of all, contrary to the statement in the plea

1    agreement, but consistent with the order that I issued in this

2    court, I do not consider facts pertinent to the offense conduct

3    except as provided in the plea agreement.  So what we are

4    talking about here is the defendant attempting to sell a pistol

5    to an undercover agent.  We're not talking about the Hells

6    Lovers motorcycle club; we're not talking about substance

7    abuse; we're talking about what is the appropriate sentence for

8    selling or attempting to sell a firearm which the defendant

9    could not lawfully possess.

10         The second thing that I would note is that Mr. Parker

11   has had some treatment for mental health issues, but the

12   treatment has not been entirely successful in addressing his

13   mental health needs.

14         Part of what the Court considers is his mental health

15   needs and what type of correctional treatment or medical care

16   will best address that.  Neither counsel have specified what

17   they think is appropriate for that.  But the probation officer

18   has recommended as conditions on supervised release that the

19   defendant participate in and successfully complete a program

20   and treatment for substance abuse and for mental health

21   treatment.  And it would appear that both of those areas are

22   helpful -- likely to be helpful to Mr. Parker.

23         Now, the probation officer notes in the presentence

24   report that the defendant's prior record is extraordinary; and

25   I would have to agree with that.  Convictions reach back 30

1    years, many of them are violent, some of them involve weapons,

2    and some of them involve drugs.  And some of them may have been

3    related to brain trauma or mental health issues; but I'm not in

4    a position as a judge, as compared to a scientist, to assess

5    what the correlation is.

6         What I see is a mature man with a lengthy criminal

7    record who knew he had been convicted of prior felonies who

8    sold a gun he was not allowed to possess.

9         And while I might agree with the observations about

10   the Hells Lovers motorcycle club and the membership in that

11   club, that's not the focus of the sentence.  This has to do

12   with possession of a weapon and an attempt to sell it.  Keeping

13   that in mind, I agree with the recommendation of the probation

14   officer that something other than a bottom-of-the-guideline

15   sentence is appropriate.  I do not intend to grant a variance,

16   and I do not intend to grant a concurrent sentence.

17        The sentence that Mr. Parker is currently serving is

18   unrelated to the conduct for which he is being sentenced today.

19   And primary in my concerns in imposing sentence here is the

20   need to protect the public from further crimes by this

21   defendant.  And while he may have reached the conclusion that

22   he doesn't want to hang out with the Hells Lovers motorcycle

23   gang anymore, I'm concerned about other criminal behavior like

24   the possession of and sale of weapons.

25        I therefore intend to impose the following sentence:

1   18 months of incarceration, which is midway through the

2   guideline range, but not concurrent with any state sentence;

3   supervised release of 3 years, which is the maximum time for

4   supervised release; no fine, because I find that Mr. Parker's

5   not able to pay a fine; and mandatory assessment of $100.

6        I also intend to impose the special conditions on

7   supervised release with the objective of providing Mr. Parker

8   with treatment pertaining to substance abuse and mental health

9   treatment which appear to be underlying persistent issues in

10  his history.

11       Any need for clarification or further explanation?

12       MR. TILL:  None from the Government, Your Honor.

13       MR. ELLIOTT:  No, Your Honor.

14       THE COURT:  Then pursuant to the Sentencing Reform Act

15  of 1984, it is the judgment of the Court that the defendant,

16  Darrell R.  Parker, be committed to the custody of the Bureau

17  of Prisons to be imprisoned for a term of 18 months.  This

18  sentence will be consecutive to and not concurrent with the

19  sentence that he is currently serving in the Colorado

20  Department of Corrections.

21       Upon release from imprisonment, he'll be placed on

22  supervised release for a term of 3 years.  Within 72 hours of

23  release from the custody of the Bureau of Prisons, he'll report

24  in person to the probation office in the district to which he

25  is released.

1        While on supervised release, he will not commit

2    another federal, state, or local crime; he will not possess a

3    firearm as defined in 18 U.S.C. Section 921; and he will comply

4    with the standard conditions that have been adopted by the

5    Court.  He will not unlawfully possess a controlled substance.

6    He will refrain from any use of a controlled substance unless

7    it is lawful.  That means, by prescription.  He will submit to

8    at least one drug test within 15 days of release on supervised

9    release and two periodic tests thereafter.  He'll cooperate in

10   the collection of DNA as directed by the probation officer.

11       And in addition, the two following special conditions

12   are imposed because they're reasonably related to the factors

13   enumerated in Section 3553(a) and 3583(d) of Title 18 of the

14   United States Code.

15       He will participate in and successfully complete a

16   program of testing and/or treatment for substance abuse as

17   approved by the probation officer until such time as he is

18   released from the program by the probation officer, and he will

19   abstain from the use of alcohol and all intoxicants during the

20   course of treatment.  To the extent that he is able to and

21   directed to by the probation officer, he'll pay for the cost of

22   treatment.  He will also participate in and successfully

23   complete a program of mental health treatment as approved by

24   the probation officer until such time as he's released from the

25   program by the probation officer.

1          To the extent that he is able to and directed to by

2     the probation officer, he'll pay for the cost of treatment.

3     And I authorize the probation officer to release to the

4     treating agency or professional all psychological reports and

5     the presentence report for continuity of treatment.

6          No fine is imposed for the reasons specified.  He

7     will, however, pay a special assessment of $100, which is due

8     and payable immediately.

9          Mr. Parker, I appreciate your desire to turn your life

10    around; and hopefully the support found in the supervised

11    release conditions will aid you in doing that.  You've got a

12    lot of work ahead of you.  You're the person that is going to

13    turn it around.  You've got a person sitting in back of you who

14    cares a lot about you and wants to see you succeed.  I do too.

15    I would like to see the last years of your life be different

16    than the ones that preceded them.

17         I advise you of your right to appeal this sentence.

18    And if you desire to appeal, you must file a Notice of Appeal

19    with the Clerk of the Court within 14 days after entry of

20    judgment or you lose your right to appeal.

21         Now, ordinarily, Mr. Elliott would file a Notice of

22    Appeal for you.  But if for some reason he is unable or

23    unwilling to file the Notice of Appeal for you within the time

24    period, you may request and I will direct the Clerk of the

25    Court to file a Notice of Appeal.

1          Is there any further business to bring before the

2    Court?

3          MR. ELLIOTT:  No, Your Honor.

4          MR. TILL:  Your Honor, I believe the Court is going to

5    grant our request to dismiss the remaining charges.

6          THE COURT:  I already did.

7          MR. TILL:  Thank you.

8          THE COURT:  Thank you very much, Mr. Till.

9          Thank you, Mr. Elliott.

10         Thank you to our probation officer, our marshal staff,

11   and our court staff.

12         Mr. Parker will be remanded to the care and custody of

13   the United States Marshal Service.

14         That will conclude this matter, and we'll stand in

15   recess.

16         MR. TILL:  Thank you.

17         (Recess at 11:50 a.m.)

18                        REPORTER'S CERTIFICATE

19

20       I certify that the foregoing is a correct transcript from
     the record of proceedings in the above–entitled matter.

21

22       Dated at Denver, Colorado, this 16th day of July, 2012.

23                                  s/Therese Lindblom

24                        _____

                          Therese Lindblom,CSR,RMR,CRR
25